

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00102-CV

_____

IN THE INTEREST OF Z.N.J., A CHILD

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 39,158; Honorable Jack M. Graham, Presiding

June 28, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, B.P., appeals from the trial court's _Order of Termination_ severing her parental rights to her daughter, Z.N.J.[1]  By a single issue, she challenges the sufficiency of the evidence to support the trial court's best interest finding.  We affirm.

---

[1] To protect the privacy of the parties involved, we refer to them by their initials.  _See_ TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018).  _See also_ TEX. R. APP. P. 9.8(b).  The father's parental rights were also terminated; however, he did not appeal.

## BACKGROUND

When Z.N.J. was born in 2017, she tested positive for methamphetamine and was removed from B.P. by the Texas Department of Family and Protective Services. B.P. also tested positive for controlled substances during her pregnancy and at the time of Z.N.J.'s birth. The Department notified B.P. that the child would need to be placed with an appropriate family member. The child's maternal grandmother had a history with the Department and was ruled out as a placement. Instead, Z.N.J.'s paternal grandmother was found to be an appropriate placement. Later in the proceedings, Z.N.J. was placed with a paternal aunt and uncle who expressed interest in adopting her.

At the conclusion of the final hearing, the trial court terminated B.P.'s parental rights on the following statutory grounds set forth in section 161.001(b)(1) of the Family Code: (D) (knowingly placed or allowed the child to remain in conditions or surroundings which endangered her well-being), (E) (engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered her well-being), and (O) (failed to comply with a court order that established the actions necessary for the parent to obtain the return of the child following her removal under chapter 262 of the Family Code). TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), & (O) (West Supp. 2018). The trial court also found that termination of B.P.'s parental rights was in her child's best interest. § 161.001(b)(2).

## APPLICABLE LAW

The Texas Family Code permits a court to terminate the parent-child relationship if the Department establishes one or more acts or omissions enumerated under section 161.001(b)(1) of the Code and that termination of that relationship is in the child's best

interest.  *See* § 161.001(b)(1), (2).  *See also In re N.G.*, No. 18-0508, 2019 Tex. LEXIS 465, at *1 (Tex. May 17, 2019) (per curiam); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).  In parental termination cases, due process mandates that the Department establish its case by clear and convincing evidence.  *See In re N.G.*, 2019 Tex. LEXIS 465, at *7.  *See also* § 161.206(a) (West 2014).  "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014).

## STANDARD OF REVIEW

The natural right existing between parents and their children is of constitutional magnitude.  *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982).  *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985).  Consequently, termination proceedings are strictly construed in favor of the parent.  *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012).  Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights.  *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).  As previously stated, the Due Process Clause of the United States Constitution and section 161.001 of the Texas Family Code require application of the heightened standard of clear and convincing evidence in cases involving involuntary termination of parental rights.  *See In re E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002).

In a legal sufficiency challenge, we credit evidence that supports the verdict if reasonable jurors could have done so and disregard contrary evidence unless reasonable jurors could not have done so.  *In re K.M.L.*, 443 S.W.3d 101, 112-13 (Tex. 2014).

3

However, the reviewing court should not disregard undisputed facts that do not support the verdict to determine whether there is clear and convincing evidence. *Id.* at 113. In cases requiring clear and convincing evidence, even evidence that does more than raise surmise and suspicion will not suffice unless that evidence is capable of producing a firm belief or conviction that the allegation is true. *Id.* If, after conducting a legal sufficiency review, a court determines that no reasonable fact finder could form a firm belief or conviction that the matter that must be proven is true, then the evidence is legally insufficient. *Id.* (citing *In re J.F.C.*, 96 S.W.3d at 266).

In a factual sufficiency review, a court of appeals must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing. *In re J.F.C.*, 96 S.W.3d at 266 (citing *In re C.H.*, 89 S.W.3d at 25). In such a review, we must determine whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *In re J.F.C.*, 96 S.W.3d at 266. In doing so, we consider whether disputed evidence is such that a reasonable fact finder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id.*

BEST INTEREST FINDING

B.P. does not challenge any of the statutory grounds for termination. Rather, by a single issue, she opposes the trial court's finding that termination of her parental rights is in Z.N.J.'s best interest. She maintains that completion of her services, stable housing,

4

and stable employment require reversal of the trial court's best interest finding. We disagree.

The Department was required to prove by clear and convincing evidence that termination of B.P.'s parental rights was in her child's best interest. § 161.001(b)(2); *In re K.M.L.*, 443 S.W.3d 101, 116 (Tex. 2014). Only if no reasonable fact finder could have formed a firm belief or conviction that termination of her parental rights was in her child's best interest can we conclude the evidence is legally insufficient. *Id.* (citing *In re J.F.C.*, 96 S.W.3d at 266).

We begin with a strong presumption that the best interest of the child will be served by preserving the parent-child relationship. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). Prompt and permanent placement of the child in a safe environment is also presumed to be in the child's best interest. *See* § 263.307(a) (West Supp. 2018). Section 263.307(b) of the Family Code provides a non-exhaustive list of factors to consider in determining whether the parent is willing and able to provide the child with a safe environment. One of those factors is providing the child with a safe physical home environment. § 263.307(b)(12)(D).

Additionally, the Supreme Court has set out other factors to consider when determining the best interest of a child. *See Holley*, 544 S.W.2d at 371-72. Those factors include (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individual seeking custody; (5) the programs available to assist the individual to promote the best interest of the child; (6) the plans for the child by the individual or by the agency seeking custody; (7) the stability of the home or proposed

placement; (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The absence of evidence of one or more of these factors does not preclude a fact finder from reasonably forming a strong conviction or belief that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d at 27.

Evidence that supports one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. *See also In re E.C.R.*, 402 S.W.3d 239, 249-50 (Tex. 2013). The best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as direct evidence. *See In re N.R.T.*, 338 S.W.3d 667, 677 (Tex. App.—Amarillo 2011, no pet.). Additionally, a child's need for permanence through the establishment of a "stable, permanent home" has been recognized as the paramount consideration in determining best interest. *See In re K.C.*, 219 S.W.3d 924, 931 (Tex. App.—Dallas 2007, no pet.).

**ANALYSIS**

B.P. struggles with methamphetamine use and although she claimed not to have abused controlled substances midway through her pregnancy, she tested positive at the time of Z.N.J.'s birth. According to the caseworker, the only witness at the final hearing, B.P. consistently denied using methamphetamine but hair strand tests continued to show a positive result for methamphetamine. Her most recent test just weeks before the final hearing was positive for methamphetamine.

The caseworker testified that B.P. did complete her family plan services; however, she was unable to discontinue her methamphetamine use. She had a stable home and

steady employment, but the child's father reported to the caseworker that B.P. was on the verge of being fired from her job. B.P.'s continued use of methamphetamine does not demonstrate an ability for her to provide her daughter with a safe home environment. *See In re P.L.G.*, No. 07-18-00206-CV, 2018 Tex. App. LEXIS 6946, at *11 (Tex. App.— Amarillo Aug. 28, 2018, pet. ref'd) (mem. op.) (citing *In re E.M.*, 494 S.W.3d 209, 222 (Tex. App.—Waco 2015, pet. denied)). Notwithstanding her denials of methamphetamine use, uncontroverted hair strand tests showed otherwise. The trial court, as fact finder, was entitled to resolve these apparent conflicts, and it did so consistent with the verdict rendered. Additionally, the caseworker opined that it would not be in Z.N.J.'s best interest to remain with her mother.

Z.N.J.'s youth precluded her from expressing her desires. However, the testimony showed that Z.N.J. was doing well with her paternal aunt and uncle and their children. The caseworker testified that she was developmentally on target. When questioned, the caseworker confirmed that Z.N.J. was living in a happy home and was very bonded to her paternal aunt and uncle as well as their two children. The aunt and uncle had passed a home study and were ready to proceed with adoption.

Given these facts, we conclude the trial court's best interest finding is supported by clear and convincing evidence. B.P.'s sole issue is overruled.

**CONCLUSION**

The trial court's *Order of Termination* is affirmed.


Patrick A. Pirtle
Justice